UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARIEL DAN BARKAI,<br><br>       Plaintiff,<br><br>-against-<br><br>ROBERT NUENDORF; ANTHONY CULIANOS; OFFICER DONNEGAN; DISPATCHER MONIHAN; GLENN CUMMINGS; RAY McCALLUGH; JEFF WANNAMAKER; GEORGE HOEHMANN; OTHER JOHN DOE EMPLOYEES, ROCKLAND DISTRICT ATTORNEYS OFFICE,<br><br>       Defendants. | 21-CV-4060 (KMK)<br><br>ORDER OF SERVICE |

KENNETH M. KARAS, United States District Judge:

  Plaintiff, appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights. By order dated May 12, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").

## DISCUSSION

**A. Service on Named Defendants**

  Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to effect service if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses and the complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served

summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Robert Nuendorf, Anthony Culianos, Officer Donnegan, Dispatcher Monihan, Glenn Cummings, Ray McCallugh, Jeff Wannamaker, and George Hoehmann through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary to effect service upon the Defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**B.     John Doe Defendants**

Plaintiff names "other John Doe employees" of the Rockland County District Attorney's Office in the caption of his complaint but he does not allege any facts in the complaint about what any of these Defendants did or failed to do that violated his rights. A *pro se* litigant is entitled under *Valentin v. Dinkins*, to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). But Plaintiff does not supply sufficient information that would

2

allow identification of these Defendants. Thus, the Court declines at this time to issue a *Valentin* order as to these Defendants but will revisit the matter at a later date, if necessary.

## CONCLUSION

Plaintiff has consented to electronic service of notices and documents in this action. (ECF 4.) The Clerk of Court is directed to mail an information package to Plaintiff.

The Clerk of Court is further instructed to issues summonses, complete the USM-285 forms with the addresses for Robert Nuendorf, Anthony Culianos, Officer Donnegan, Dispatcher Monihan, Glenn Cummings, Ray McCallugh, Jeff Wannamaker, and George Hoehmann, and deliver to the U.S. Marshals Service all documents necessary to effect service on these Defendants.

The Court declines at this time to issue a *Valentin* order as to the John Doe employees of the Rockland County District Attorney's Office but will revisit the matter at a later date, if necessary.

SO ORDERED.

Dated: May 18, 2021
        White Plains, New York

KENNETH M. KARAS
United States District Judge

# DEFENDANTS AND SERVICE ADDRESSES

1. Detective Robert Nuendorf
   Rockland County District Attorney's Office
   1 South Main Street #500
   New City, NY 10956

2. Officer Anthony Culianos
   Clarkstown Police Department
   20 Maple Avenue
   New City, NY 10956

3. Chief Ray McCallugh
   Clarkstown Police Department
   20 Maple Avenue
   New City, NY 10956

4. Captain Jeff Wannamaker
   Clarkstown Police Department
   20 Maple Avenue
   New City, NY 10956

5. Lieutenant Glenn Cummings
   Clarkstown Police Department
   20 Maple Avenue
   New City, NY 10956

6. George Hoehmann
   Clarkstown Town Supervisor
   20 Maple Avenue
   New City, NY 10956