UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ARIEL D. BARKAI,

       Plaintiff,

  v.

DETECTIVE ROBERT NUENDORF, *et al.*,

       Defendants.

No. 21-CV-4060 (KMK)

ORDER

---

KENNETH M. KARAS, United States District Judge:

  Ariel D. Barkai ("Plaintiff") brings this Action against Anthony Culianos, Glenn Cummings, George Hoehmann, Ray McCullagh, Dispatcher Monihan, Robert Nuendorf, Jeff Wanamaker, and John Doe (identified as "other Rockland [County District Attorney's Office] employees) (collectively, "Defendants") under 42 U.S.C. § 1983 arising from his detention for a mental health evaluation pursuant to New York Mental Hygiene Law. Plaintiff alleges that Defendants violated his First, Fourth, and Fourteenth Amendment rights. (Compl. (Dkt. No. 2).) Now before the Court is Plaintiff's Motion along with his supporting papers for a referral of his criminal complaint to the U.S. Attorney's Office and to enjoin the Rockland County District Attorney's Office ("RCDAO") and the Rockland County Sheriff's Office (the "Sheriff's Office") from enforcing New York's Mental Hygiene Laws. (Mot. for Injunction (the "Motion") (Dkt. Nos. 26–27).) Plaintiff also requests that the Court amend the procedures set forth in the New York Mental Hygiene Laws. The Rockland County and Clarkstown Defendants oppose Plaintiff's Motion. (Dkt. Nos. 28, 32.) For the following reasons, Plaintiff's requests are denied.

  As to Plaintiff's first request, that the Court refer his criminal complaint to the U.S. Attorney's Office, is not within the Court's power. *See Weitz v. Wagner*, No. 07-CV-1106, 2009 WL 4280284, at *1 n.1 (E.D.N.Y. Nov. 24, 2009) ("The United States Attorney's Office, not the

federal courts determine if and when to file criminal charges; the [C]ourt does not accept purported criminal complaints submitted by citizens and refer them to the U.S. Attorney's Office for prosecution.)  Thus, because the Court does not have the authority to refer Plaintiff's criminal complaint to the U.S. Attorney's Office, the Court will not do so here.

Next, Plaintiff's requests that the Court enjoin the RCDAO and the Sheriff's Office from following the procedures set forth in the New York Mental Hygiene Laws for any potential future emergency admissions that may be needed for Plaintiff.  The Court declines to enjoin the Sheriff's Office because it is not a party to this Action.  *See Marshall v. Nat'l Ass'n of Letter Carriers BR36*, No. 03-CV-1361, 2003 WL 22119882, at *1 (S.D.N.Y. Sept. 15, 2003), *report and recommendation adopted*, No. 02-CV-1754, 2004 WL 2202574 (S.D.N.Y. Sept. 30, 2004) ("[T]he Court cannot grant a preliminary injunction against parties not before the Court."); *see also* Fed. R. Civ. P. 65(d) (explaining that an injunction "is binding only upon the parties to the action").

With respect to Plaintiff's request to enjoin the RCDAO, "[a] party seeking a preliminary injunction must demonstrate: (1) a likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the plaintiff's favor; (2) a likelihood of irreparable injury in the absence of an injunction; (3) that the balance of hardships tips in the plaintiff's favor; and (4) that the public interest would not be disserved by the issuance of an injunction." *Benihana, Inc. v. Benihana of Tokyo*, 784 F.3d 887, 895 (2d Cir. 2015) (alteration and quotation marks omitted).   Here, Plaintiff offers nothing more than mere speculation that he will be detained and admitted to the hospital for evaluation pursuant to the New York Mental Hygiene Law, and as such, his request for an injunction fails on this ground alone.  Further, Plaintiff's additional request to alter the

Case 7:21-cv-04060-KMK   Document 36   Filed 09/08/21   Page 3 of 4

procedure within the New York Mental Hygiene Law is denied because involuntary commitment of an individual for psychiatric evaluation under that law has been found to be facially constitutional.  *See Rodriguez v. City of New York*, 72 F.3d 1051, 1062 (2d Cir. 1995) ("New York's overall statutory scheme governing involuntary commitments has been held facially sufficient to meet the requirements of due process."); *Project Release v. Prevost*, 722 F.2d 960, 971 (2d Cir. 1983) (holding the involuntary commitment procedure of New York Mental Hygiene Law Section 9.27 is constitutional on its face); *Savastano v. Nurnberg*, 548 N.Y.S.2d 555, 556 (App. Div. 1989) ("The over-all legislative scheme for the involuntary hospitalization . . . contemplates that the patient's constitutional rights will be protected by provisions for judicial review at various stages of the patient's hospitalization") *aff'd* 77 N.Y.2d 300, 309 (1990).  New York Mental Hygiene Section 9.41 does not require a pre-evaluation hearing or consultation with an individual's personal physician where there is probable cause for an emergency mental health evaluation.  See *Savastano*, 77 N.Y.2d at 309 ("[W]e note that [New York] State's interest in the outcome of this case is substantial in light of the significant administrative and fiscal burdens which would result from the necessity of holding a prior judicial hearing each time an involuntary patient objects to being transferred to a State institution.").  Accordingly, the Court finds no basis for the imposition of different procedures as requested by Plaintiff.

   Thus, Plaintiff has failed to demonstrate a likelihood of success on the merits. Furthermore, Plaintiff has not shown that the potential for any future detention and evaluation of him pursuant to the New York Mental Hygiene Law raise a sufficiently serious question as to the merits of this case.  Finally, in evaluating the balance of the hardships, given that an injunction would hinder any officer's future ability to conduct welfare checks on Plaintiff and also deprive

him or her of the discretion afforded if an emergency situation arises in which Plaintiff must be admitted to the hospital for psychiatric evaluation, this factor weighs against granting a preliminary injunction. Plaintiff is thus not entitled to the "extraordinary and drastic" relief of a preliminary injunction. *Sussman v. Crawford*, 488 F.3d 136, 139 (2d Cir. 2007). Additionally, "[i]t is well-established that the purpose of a preliminary injunction is not to award the movant the ultimate relief sought in the suit but is only to preserve the status quo. . . . This principle weighs against granting Plaintiff's motion for a preliminary injunction. . . ." *City of Newburgh v. Sarna*, 690 F. Supp. 2d 136, 175 (S.D.N.Y. 2010).

      For these reasons, Plaintiff's Motion is denied. The Clerk of Court is respectfully requested to terminate the pending Motion and mail a copy of this Order to Plaintiff. (Dkt. No. 26.)

SO ORDERED.

DATED:    September 7, 2021
                White Plains, New York

                                                KENNETH M. KARAS
                                                UNITED STATES DISTRICT JUDGE