| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF NY |
| WHITE PLAINS, NEW YORK | SECTION 1983 CIVIL SUIT |

-----------------------------------------------------

Ariel Dan Barkai

- v -

Robert Nuendorf et al

-----------------------------------------------------

Case 7:21-cv-4060-KMK

# Motion Request To Add a Short Appendix to Amended Complaint in Case 7:21-cv-4060-KMK Filed 29 November 2021

TO:     The Honorable Kenneth M. Karas

DATED:  26 December 2021

Your Honor:

On 29 November 2021 pursuant to this Court's endorsement I, Ariel Barkai, the Plaintiff in the above titled action, submitted an amended complaint to my original complaint submitted on May 4th, 2021.

In that amended complaint Plaintiff named several additional defendants and courses of conduct and actions that together as one constituted a long stream of rights depravations under color of law that comprise the matters before this Court.

In aforementioned amended complaint, Plaintiff names, amongst others, Montefiore Nyack Hospital, its CEO and 3 additional employees. Though Montefiore is ostensibly a tax exempt private hospital the question of whether the alleged rights depravations constituted a state

action will obviously be a critical determination for this Court to determine whether to proceed and add above referenced pending defendants to this Federal Section 1983 Civil Suit.

While the Supreme Court has given some guidance on determining when private action becomes state action, there is still no single specific test. Instead, because distinguishing between public and private action has proven elusive, the Supreme Court has instructed lower courts to take a case-by-case approach to the state action doctrine. *Perkins v Londonderry Basketball Club 196 F3d 13, 18 (1st Circuit 1999) quoting Barton v Wilmington Parking Authority 365 US 715, 722 (1961).*

The interest of justice cries out for Montefiore Nyack Hospital and its employees to be held responsible before the law for calling the police on the son of a woman who died in their care and lying to the police to press 2 counts of second degree harassment against a son in mourning who lost his mother in no small part due to medical negligence on behalf of said hospital. Equally unconscionable, they knowingly lied on a police report in violation of NY CPL 240.50 to exact said retaliation, clearly violating the NY State Patients Bill of Rights and ignited a series of events that are now before this Court that have literally sent that man life, who for obvious reasons was already in a deep state of emotional and psychological pain having lost his mother, into a tailspin from which he is still fighting to get out of almost two years later.

As such, I do not want to get this wrong and I pray that judgment rendered will be favorable and this Court will name MNH and its employees as defendants in the above titled action pursuant to the amended complaint.

To achieve this objective, **Plaintiff humbly requests to move to add a short addendum to the amended complaint** providing the actual law itself upon which The State of New York compels Montefiore Nyack Hospital to uphold as part of their regulatory obligation as a licensed state hospital. Upon reading this law, I believe there will be no question as to the fact that when making a case-by-case determination as the Supreme Court instructs, this Court will find that Montefiore Nyack Hospital, its CEO and three other employees were clearly acting under "color of law" and as such have opened themselves up to clear liability as defendants in this Section 1983 Civil Suit.

For that reason Plaintiff respectfully request to move to submit an at most three page appendix including the actual verbiage of "New York Codes Rules and Regulations – Volume C, Title 10 – Chapter 5, Subchapter A – Article 2, Part 405 – Section 405.7 Patients Rights" for this Courts review as, I hope, it would best serve this Courts interest to be provided with the actual text of the law upon which it is being asked to make a determination as well as some relevant case law which shows why the actions of MNH and said employees were state actions and violation of this law constitutes a deprivation of rights under color of law pursuant to US Code 42 Section 1983.

Respectfully,

/S/ Ariel Barkai

Ariel Barkai
214 Hilltop Lane
Upper Nyack, NY 10960

**Granted.  Plaintiff has leave of court to file the proposed amendments in the above-captioned case by January 7, 2022.**

**Date: 1/3/2022**

SO ORDERED

KENNETH M. KARAS U.S.D.J.