UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ARIEL DAN BARKAI,

                            Plaintiff,

              -v-

DET. ROBERT NUENDORF, et al.,

                           Defendants.

21-CV-4060 (KMK)

<u>ORDER</u>

KENNETH M. KARAS, United States District Judge:

      Plaintiff Ariel Dan Barkai ("Plaintiff"), brings this pro se action under 42 U.S.C. § 1983, alleging that Det. Robert Nuendorf, Officer Anthony Culianos, Officer Donnegan, Dispatcher Monihan, Lt. Glenn Cummings, former-Chief Ray McCullagh, Chief Jeff Wanamaker, Town Supervisor George Hoehmann, the Rockland County District Attorney's Office ("RCDAO"), Montefiore Nyack Hospital ("MNH"), MNH Chief Executive Officer Mark Geller, MNH Head of Patient Services Kristin Delorenzo, MNH Head of Security Jim Hastings, MNH Nurse Tom Nguyen, Rockland County District Attorney Tom Walsh, John Doe RCDAO Employees, Orangetown Police Department ("OPD") Chief of Police Donald Butterworth, OPD Detective Sergeant Anthony Palazolo, OPD Detective Dan Ryan, OPD Officer Ben Gorcynzski, the Rockland County Sheriff's Department ("RCSD"), RCSD Sheriff Lou Falco, RCSD Captain Descalis, RCSD Sheriff's Deputy Leonard, RCSD Detective John Scanlon, and the County of Rockland, N.Y., violated his constitutional rights under the First, Fourth, Fifth, and Fourteenth amendments. (*See* Am. Compl. ("AC") (Dkt. No. 78), at 2–5.)[1] Plaintiff seeks damages and

---

[1] Plaintiff has filed two iterations of the Complaint in this Action, each pleading the same constitutional violations. (*See generally* Dkt. Nos. 2, 78.) For clarity, the page numbers used by the Court refer to the ECF-generated page number in the upper right-hand corner of the page. Finally, the Court also notes that Plaintiff failed to identify the first names of defendants Donnegan, Monihan, Descalis, and Leonard.

injunctive relief.  (*Id.* at 11).  By order dated May 12, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, in forma pauperis.  (Dkt. No. 5.)

On January 1, 2022, Plaintiff filed a letter requesting the Court's leave to file an amended complaint naming the Town of Clarkstown (the "Town") as a defendant in the above-captioned action as well as its related case, *Barkai v. Mendez, et al.*, 21-CV-4050.  (*See* Letter Mot. to Add Defs. (Dkt. No. 90).)  On January 7, 2022, Plaintiff filed a subsequent motion requesting the Court's leave to amend the remedies sought in his AC.  (*See* Dkt. No. 96.)  The Court denies Plaintiff's first motion with respect to adding a defendant in each action, and the Court grants Plaintiff's second motion with respect to clarifying the remedies sought in this action.

## I.  Leave to Add Defendant

As stated above, Plaintiff requested leave to add the Town as a defendant.  (Dkt. No. 90.)  The Rockland Defendants did not oppose this request.  (*See* Dkt. No. 100.)  On the other hand, the Clarkstown Defendants opposed the motion for three reasons: that Plaintiff failed to state a claim, meaning adding the Town to create a *Monell* claim is futile; that Plaintiff fails to connect the allegedly false statements to the Town or its policies and practices; and that the two allegedly false statements do not constitute a practice or custom that would support a *Monell* claim.  (*See generally* Clarkstown Defendants' Letter (Dkt. No. 101).)

Rule 15 of the Federal Rules of Civil Procedure reads: "The court should freely give leave [to amend a pleading] when justice so requires."  Fed. R. Civ. P. 15(a).  Indeed, the Second Circuit has explained that "district judges should, as a general matter, liberally permit pro se litigants to amend their pleadings."  *Terry v. Incorporated Village of Patchogue*, 826 F.3d 631, 633 (2d Cir. 2016).

This permissive approach to granting pro se litigants leave to amend their claims is not unbridled. For example, "[t]he [C]ourt . . . has discretion to deny leave to amend 'where the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice' other parties." *Grace v. Rosenstock*, 228 F.3d 40, 53–54 (2d Cir. 2000) (quoting *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir. 1990)). The Second Circuit's instruction in *Terry* also makes plain that another limiting principle in permitting a pro se litigant to amend his pleadings is whether such an amendment is "futile." 826 F.3d at 633; *see also Dubai Islamic Bank v. Citibank, N.A.*, 256 F. Supp. 2d 158, 162 (S.D.N.Y. 2003) ("Leave to amend 'should not be denied unless there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility.'" (quoting *Milanese v. Rust–Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001))). The Clarkstown Defendants are correct in arguing that Plaintiff has not made the necessary allegations to connect the allegedly false statements made by the other defendants to a policy or custom of the Town, and that the statements by themselves comprise such a policy or practice, meaning such an amendment is futile. (*See* Clarkstown Defendants' Letter 2).

In support of his letter motion, Plaintiff cites an undated and unsigned Police Department Reform and Reinvention Plan ("Plan"). (*See generally* Letter Mot. to Add Defs., Ex. 1.) Plaintiff writes: "In the report submitted by the Town to The State, The Town of Clarkstown is officially on record as stating that 'deescalation' and 'effective communication' are staple tools in their mental health crisis management approaches." (Letter Mot. to Add Def. 1.) Plaintiff then alleges, in broad strokes, that the officers failed to adhere to this policy. (*See id.* at 1–2.) To the extent this policy is in force—once again, it is unsigned and undated—Plaintiff undermines his own argument; the Court fails to see anything wrong with the policy, and only a

3

failure to follow it allegedly caused Plaintiff harm.  However, two officers' alleged failure to adhere to the policy does not give rise to a *Monell* claim, rendering the Town an inappropriate defendant for this cause of action.

Even if the Court were to accept Plaintiff's assertions that the officers made false statements, and even if the Court were to accept Plaintiff's allegations that the statements are constitutional violations—and the Court does not take a position on either of these questions at this time—then to the extent the officers made such false statements, doing so was in violation of that policy, meaning the Town policy did not compel these false statements.  In other words, even if the Court were to adopt Plaintiff's positions arguendo vis-à-vis the officers' statements, it could not be the case that "the municipality was the 'moving force' behind the alleged injury." *Roe v. City of Waterbury*, 542 F.3d 31, 37 (2d Cir. 2008) (quoting *Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 404 (1997)).

Moreover, the Clarkstown Defendants are also correct in saying that these two allegedly false statements, even if true, do not establish a separate or distinct policy or practice by the municipality.  *See, e.g.*, *Triano v. Town of Harrison, NY,* 895 F. Supp. 2d 526, 532 (S.D.N.Y. 2012) (collecting cases to establish that "a custom or policy cannot be shown by pointing to a single instance of unconstitutional conduct by a mere employee of the [municipality]." (quoting *Newton v. City of New York*, 566 F. Supp. 2d 256, 271 (S.D.N.Y. 2008))); *see also Quinones v. New York City*, No. 19-CV-05400, 2020 WL 5665142, at *20 (S.D.N.Y. Aug. 17, 2020) (relying on *Triano* to dismiss a *Monell* claim), *report and recommendation adopted*, 2020 WL 6901340 (S.D.N.Y. Nov. 23, 2020); *Malloy v. Sopchak*, No. 18-CV-1460, 2020 WL 4432631, at *5 (N.D.N.Y. July 31, 2020) (same); *Williams v. City of New Rochelle*, No. 13-CV-3315, 2017 WL

4

6335904, at *13 (S.D.N.Y. Dec. 7, 2017) (same); *Askew v. Lindsey*, No. 15-CV-7496, 2016 WL 4992641, at *5 (S.D.N.Y. Sept. 16, 2016) (same).

Because Plaintiff fails to connect the statements to a policy from the Town, and because the statements do not comprise a separate policy for the town, Plaintiff cannot connect the Town to his claims, rendering such an amendment futile. Accordingly, the Court denies Plaintiff's motion for leave to amend the AC to add the Town as a defendant in both this action (21-CV-4060) as well as its related case, *Barkai v. Mendez, et al.*, No. 7:21-CV-4050.

## II. Leave to Amend Remedies Sought

As stated above, Plaintiff filed a second motion to modify and clarify the remedies sought. (*See* Dkt. No. 96.) Permitting a plaintiff to amend and clarify the remedies sought does not risk any prejudice to the parties, who are already on notice of their suit and potential liability; for this reason, courts have repeatedly granted plaintiffs leave to amend pleadings solely regarding the relief sought. *See Aberra v. City of New York*, No. 18-CV-1138, 2020 WL 11772386, at *17 (S.D.N.Y. July 31, 2020) (recommending the district judge grant the plaintiff leave "to amend the [pleadings] to include additional allegations regarding his damages and remedies"), *report and recommendation adopted*, 2020 WL 11772387 (S.D.N.Y. Aug. 24, 2020); *Duling v. Gristede's Operating Corp.*, 265 F.R.D. 91, 106 (S.D.N.Y. 2010) (allowing class plaintiffs to amend their pleadings in order to modify forms of relief sought because doing so would not be futile); *cf. Morris Builders, L.P. v. Fid. Nat'l Title Ins. Co.*, No. 16-CV-9114, 2017 WL 5032996, at *4 (S.D.N.Y. Nov. 2, 2017) ("Here, because the proposed amended complaint does not seek to add a new claim at all, only additional damages, at this stage the Court will permit plaintiff to amend the complaint to add the damages it claims it incurred . . . .

5

Defendants may, however, challenge plaintiff's damages on a motion for summary judgment or at trial.").

Plaintiff's second motion to modify or clarify the relief sought similarly does not prejudice Defendants, who are already aware of the facts and claims at issue. Accordingly, the Court grants this motion.

### III. Conclusion

For the reasons stated above, Plaintiff's request to amend his claim and add the Town of Clarkstown is denied. Plaintiff's request to amend his AC and modify the remedies sought is granted. Plaintiff has seven (7) days from the issuance of this order to file a second amended complaint reflecting only the modifications to the remedies sought. The Clerk is respectfully directed to terminate the pending motions, (*see* Dkt. Nos. 90, 96), and mail a copy of this Order to Plaintiff. To the extent Plaintiff wishes to assert claims against the Town of Clarkstown, he must file a new action alleging those claims.

SO ORDERED.

Dated: January 27, 2022
   White Plains, New York

KENNETH M. KARAS
United States District Judge