Ariel Barkai
16852 SW Fifth Way
Weston, FL 33326
arielbarkai369@gmail.com
954-478-1545

**SO ORDERED:**
Defendants are directed to respond to this motion by May 7, 2024.

_____ 5-1-24
JUDITH C. McCARTHY
United States Magistrate Judge

April 24, 2024

The Honorable Judith McCarthy
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

Re: Barkai v Nuendorf et al., 21-cv-4060-KMK-JCM

### Motion Request For Protective Order As Per Plaintiff's Work Product

Your Honor:

I am the Pro Se Plaintiff in the above referenced case and I am writing to respectfully request that this Court issue a protective order which will allow me to protect my work product related to a critical piece of evidence which Defendants have had in their possession for almost 4 years, to whit the recording of the conference call of August 31st, 2020 that was handed over to CPD Sergeant Christopher Bax in the fall of 2020 and was submitted as evidence in my sworn criminal complaint of assault as against Defendant Culianos. The police and by extension defendants have had this evidence in their possession and rather than using it for the purpose of their investigation in my criminal complaint they sat on it and sandbagged the investigation prohibiting me a chance at justice. Now however, they claim that in addition to the actual recording itself I should be compelled to hand over any analysis of the recording that I undertook or will undertake of my own endeavor.

I refuse.

In their document demands Defendants assert the following demand:

6. All sound or video recordings made on August 31, 2020, including but not limited to any and all recordings made at 214 Hilltop Lane, Upper Nyack, Rockland County, NY

including recordings by security systems, and the recordings referenced in paragraphs 53 and 87 of the Fourth Amended Complaint (DE #212).

As stated above Plaintiff has produced the recording both to Defendants and this Court. In the end, this is a digital file composed of 0's and 1's and these 0's and 1's produce what are called sound waves. These sound waves can be extracted or amplified. There is nothing additional that Plaintiff can draw from these 0's and 1's nor from the sound waves that are not already present in the actual file Defendants themselves have in their possession and any personal work product used to amplify or remove certain sounds for purpose of analysis and impeachment are already in Defendants possession. Asking Plaintiff to hand over his work to defendants would be prohibitive and violate Plaintiffs work product. Further it would prohibit Plaintiff from impeaching Defendants testimony by offering them an escape hatch by which they and their counsel can manipulate testimony to protect themselves even if that testimony would contradict Culinanos sworn statement and as such would be a miscarriage of justice.

As an example, if Plaintiff is able to pull the name "Aaron Gould" out of the background after Culianos is to testify that the exchange of me thinking he was Aaron Gould and him stating "Aaron Gould is not your private...cop and I don't like the way you are speaking to my partner" then it will be obvious that Culianos is perjuring himself. Or if during the portion of the recording at the 7:14 mark when the assault took place we can pull out, amplify and slow down the part where he yells "he is not resisting" then it will prove once again his perjury. Additionally, the background waveforms may show that in a critical part of the encounter where something should by definition occur based on his sworn testimony it turns out to be absent from the file, then again, it shows he is lying. For me to hand this to him before he swears to tell the truth would only further abet his fraud upon this Court and I, the victim of his assault, would essentially be handing him a parachute.

I will not do that.

Let's be perfectly clear - I have spent the better part of the last month since discovery launched viewing video ad nauseam of police body camera footage on Youtube. Police departments all over this Country from sea to shining sea have been using them for nearly a decade. There are literally terabytes of video or more available online, even just related to knock and talks. But the Clarkstown police department, one of the highest paid in the country, refuse to wear body

cameras. Why? I believe based on this experience where clearly one of us, Culianos or myself, is lying, because they feel that the evidence would speak for itself and they would not be able to lie to a jury or a Federal Judge the way they have done in these proceedings so far with impunity. I will not be their pawn. My analysis, done with the assistance of an electric music producer in New York City whose name I have disclosed, unequivocally constitutes my work product. The fact that this work product is being done in preparation for litigation and will be used for impeachment purposes unequivocally makes it protected under clearly established law. I am not withholding the file. I simply refuse to hand over my paradigmatic work product. I ask this Court to protect me.

In fact, the police should have analyzed this recording forensically in 2020 in the pursuit of justice when I signed a sworn criminal complaint against Defendant Culianos on October 15th, 2020. Instead they sandbagged the investigation leaving me no choice but to seek justice before this Court. The real question of course is…why don't they hire a forensic sound engineer of their own? To be clear, I still am in the early stages of analysis and I may take our perfunctory work and try to come up with money I dont have to send it for further analysis to LA to a company that has done major forensic analysis for Federal agencies and others if I am certain it will bury the lying criminal who assaulted me in my home for no reason whatsoever and dragged me off a $236M conference call because he did "not like the way [I was] speaking to [his partner]" ultimately costing me my business, my home and my family and relegating me to abject poverty and 3 years of suffering after the tragic loss of my mother which is a blow I worked hard to come to terms with.

As such, who knows what the analysis will uncover but if Culianos and his attorneys really want this Court to believe he is not a criminal and a liar, they should do their own analysis of the file I have submitted because who knows? Isn't it at least as likely given the clearly disputed versions of the event that maybe this Court and fact finers could hear me on the recording after I tell Donegan to "get off my property know" me "yelling and screaming incoherently" and maybe that yelling and screaming incoherently can be pulled, isolated slowed down and amplified and this Court will hear me tell Culianos I am going to kill him and then go back in my house and kill myself and then not only could Defendants move to dismiss but they can make claims that I will need to cover their costs and even be charged with perjury and have me sent to Otisville?

Shouldn't that be at least as likely? What then are they afraid of? I am not scared. They have the recording. Let them send it to Quantico for all I care. I am telling the truth.

Getting back to body cameras, I wish to God these events were captured on body cameras. Then this would have been over a long time ago and Anthony Culianos would be in jail where he belongs. What has even haunted me more is that after Culianos assaulted me he yelled out "he is not resisting" (the 7:14 mark on the recording which we are working on at present). I loathe to think what could have possibly happened if I was not able to submit to an assault in my home and instead had used my training to protect my castle from Culianos' criminal assault. I quite literally could have been shot dead on my front porch with no witnesses and that would have been the end of it. This must come to an end and I intend to end it before a jury.

As such, for all the reasons stated above:
- That Defendants have had the actual file for more than 3 years
- That nothing prevents them from doing the work themselves
- That an analysis of the file would clearly constitute work product
- That anything pulled or cleaned up from the recording itself is already on the recording itself and nothing prevents Defendants from doing this work themselves and that they clearly have the means
- That that work product would constitute impeachable evidence
- And that compelling me to turn over my work product would lead to a miscarriage of justice

I ask this Court to issue a protective order of my work product in accordance with Fed. R. Civ. P 26(b)(3) which states:

Subject to the provisions of subdivision (b)(4) of this rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) **only upon a showing that** the party seeking discovery has substantial need of the materials in the preparation of the party's case

and that **the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means** *(emphasis original)*.

As Defendants have in their possession the actual digital files, the exact same zero's and one's that Plaintiff has in his possession, they are clearly able, without undue hardship to obtain the substantial equivalent of the materials by other means. Obviously that other means would mean they themselves will have to do the same work I am doing. I am under no legal obligation to share with them my analysis or the "impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation" to be drawn thereof. To do so would fly in the face of clearly established law.

Accordingly, for all the reasons stated supra, I move that this Court issue a protective order in favor of Plaintiff as against Defendants unlawful demand that I turn over my work product and the clear legal conclusions to be drawn there of as it relates to the file which Plaintiff has already produced and will produce again, the August 31st, 2020 conference call recording.

I further ask that this Court allow for oral arguments in the forthcoming May status call before issuing an opinion.

Respectfully,

/s/ *Ariel Barkai*

Pro Se Plaintiff