Ariel Barkai
16852 SW Fifth Way
Weston, FL 33326
arielbarkai369@gmail.com
PRO SE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Docket No.: 21-cv-04060-KMK-JCM

------------------------------------------------------------------ X

ARIEL DAN BARKAI,
Plaintiff,
-against-
ROBERT NUENDORF, et al.,
Defendants.

------------------------------------------------------------------ X

> **SO ORDERED:**
>
> Defendants are directed to respond to this letter by June 18, 2024. The response should explain the nature of Sergeant Bax's involvement with Plaintiff, as well as whether Sergeant Bax was involved in Plaintiff's remaining claims.
>
> *Judith C. McCarthy* 6-13-2024
> JUDITH C. McCARTHY
> United States Magistrate Judge

TO: Hon. Judith McCarthy
District Judge, SDNY

Dated: Weston, FL
June 5, 2024

Re: **Motion to compel limited interrogatory answers of non party witness Chris Bax**

Your Honor:

I am the Plaintiff in the above titled action and I write this Court to motion it to compel limited answers to interrogatory questions to non party witness Chris Bax.

As this Court is aware, Bax was assigned by CPD to be Plaintiff's point person in any communications or correspondences with both agencies. Bax also submitted a report that this Court and Defendants' posses that he received a sworn complaint from Plaintiff and he submitted it for administrative review (which should have set off a full investigation according to CPD itself memorialized in a mandatory response to the Governor of the State of New York pursuant to Executive Order 203; a draft of the report itself submitted to this Court).

In his role, Bax came to my home and stood with me on the front porch where I explained to him exactly what happened and showed him exactly where Defendant Culianos assaulted me. While at my

home I gave him my sister's phone number and in spite of the fact that my sister was in Massachusetts on the day of the incident and as such could not be considered a relevant witness to the incident, he called and spoke to her. We further remained in contact for some time after until I filed my notice of claim at which point he was withdrawn, likely at the behest of Leslie Khan, town attorney.

Plaintiff submitted an interrogatory demand through Counsel to Bax but Counsel objected. Plaintiff also considered deposing Bax but this Court denied that request.

Whether or not Bax is relevant to the point of being a potential deponent, this Court can not deny that Bax has significant information that would speak directly to the credibility of Anthony Culianos and Kyla Donengan, who, as Defendants will be deposed on July 9th, 2024.

In their interrogatory answers they both gave the reply to a particular question about who they spoke to or who they were questioned by at CPD regarding the incident. They both replied that they do not recall being questioned or speaking to anyone about the incident.

Considering that Bax was assigned to these matters bt CPD and that he came to my home to speak to me and that he called my sister to speak to her in spite of her having zero direct knowledge of the incident, quite frankly, I find it impossible to believe that he never spoke to Culianos and Donegan to get their version of the events. I don't need to be in law enforcement or even the legal profession to make the statement that this is completely implausible, I just need to have had a job at any time in my life. The claim that in any profession that management would receive a complaint involving an employee and the supervisor assigned to investigate the complaint would fail to speak to the employee first to get their version of what happened before reaching out to the customer to attempt damage mitigation is laughable to the point of pathetic. There can be no doubt that Bax must have spoken to Defendants' in the least before coming to my home lest he be proverbially ambushed by some sort of evidence or facts that would make him look like a fool. Accordingly, to accept Defendants' assertion that they do not "recall" being spoken to becomes a credibility question and credibility is relevant to all matters in the instant action.

1

Accordingly Plaintiff requests that this Court compel Chris Bax to answer these simple questions via interrogatory:

1. Who assigned him to be my point person related to this incident?
2. Did he speak to Defendants' either before, after or at any time related to his assignment to get their version of what happened?
3. Who else did Bax speak to related to the incident?

That's it - 3 relevant questions that Plaintiff needs a reply to. Prohibiting Plaintiff from receiving these relevant and critical responses would simply act to shield the Defendants' by the Court and by extension hamper Plaintiff from filing prosecuting his case in a fair proceeding.

Accordingly, Plaintiff respectfully moves this Court to allow Plaintiff to resubmit a 3 question interrogatory to Chris Bax at CPD and that this Court compel his sworn reply.

Respectfully submitted,

Dated: Weston, FL
June 6, 2024

Respectfully submitted,
Ariel Barkai
Pro Se Plaintiff
/s/ *Ariel Barkai*

2