UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ARIEL DAN BARKAI,

                                        Plaintiff,            **ORDER**

                -against-                                     21 Civ. 4060 (KMK)(JCM)

DETECTIVE ROBERT NUENDORF, *et al.*,

                                        Defendants.
-----------------------------------------------------------------X

Since May 1, 2024, Plaintiff has filed forty (40) requests to the undersigned regarding discovery in this matter. (*See* Docket Nos. 311, 316, 321, 322, 323, 328, 332, 333, 334, 335, 336, 339, 345, 348, 351, 352, 353, 358, 364, 372, 380, 381, 382, 383, 384, 385, 386, 389, 398, 399, 401, 407, 409, 411, 413, 414, 415, 416, 417, 418). Additionally, Plaintiff has not meaningfully met and conferred with opposing counsel prior to submitting many of these numerous requests in accordance with Federal Rule of Civil Procedure 37(a)(1) and Section 2.A of this Court's individual rules. This makes it difficult for opposing counsel to effectively respond to each of Plaintiff's concerns, burdens the Court with issues that may have otherwise been resolved, and unnecessarily delays the discovery process.

Therefore, in order to facilitate the progress of pre-trial discovery of this litigation in a just and speedy manner, to ensure compliance with the case management plan, and to prevent the accumulation of unresolved discovery issues, the following procedures must be followed for the resolution of discovery disputes:[1]

1. If Plaintiff wishes to bring an issue to the attention of the Court, he must first submit a

_____

[1] "Management of discovery lies within the province of the district court, which has wide discretion in its handling of pre-trial discovery." *Deluca v. Sirius XM Radio, Inc.*, No. 12-cv-8239, 2016 WL 3034332, at *1 (S.D.N.Y. May 27, 2016) (citations and internal quotations omitted).

letter to the opposing party that sets forth the nature of the dispute at issue. This letter cannot exceed three single-spaced pages, and no more than one letter per week may be sent to the opposing party. Within five days of receipt of Plaintiff's letter, the opposing party must file a joint letter with the Court outlining each side's position and attaching Plaintiff's letter as an exhibit.

2. If counsel wish to bring a dispute to the Court's attention, they must first submit a letter to Plaintiff setting forth the nature of the dispute. This letter cannot exceed three single-spaced pages. Within five days of receipt of counsel's letter, Plaintiff must respond to counsel, by letter, not to exceed three single-spaced pages. Upon receipt of Plaintiff's response, counsel must file a joint letter with the Court outlining each side's position and attaching their letter to Plaintiff, and Plaintiff's response, as exhibits.

All communications between the parties and with the Court must be courteous and respectful and must not contain language that can be construed as abusive or threatening in any manner.

Failure to comply with the terms of this Order may result in waiver of legal rights and privileges, or sanctions. The limitations set forth herein and in scheduling orders made by the Court, whether oral or in writing, are to be strictly observed, and the parties and counsel are <u>not</u> authorized to modify any limitations without the prior approval of the Court.

Dated: July 19, 2024
     White Plains, New York

                                 **SO ORDERED:**

                                 JUDITH C. McCARTHY
                                 United States Magistrate Judge