UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

ARIEL DAN BARKAI,

                             Plaintiff,

            -against-

DETECTIVE ROBERT NUENDORF, *et al*.,

                         Defendants.
-------------------------------------------------------------X

**ORDER**

21 Civ. 4060 (KMK) (JCM)

Plaintiff has filed numerous motions with the Court in recent weeks.  The Court will address many of those motions herein.

**I.     DOCKET NOS. 351, 352, 381, 407, 409, 411**

Plaintiff's requests set forth in Docket Nos. 351, 352, 381, 407, 409, and 411 are denied.  First, Plaintiff's records from Montefiore Nyack Hospital are reasonably calculated to lead to the discovery of admissible evidence and proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b).  Thus, Plaintiff is directed to reinstate his HIPAA authorizations no later than July 29, 2024.  Failure to do so may result in sanctions, including but not limited to the dismissal of this action. *Workneh v. Super Shuttle Int'l, Inc.*, 15 Civ. 03521 (ER)(RWL), 2020 WL 3492000, at *10 (S.D.N.Y. June 8, 2020) (dismissing pro se action "[b]ecause Plaintiff has repeatedly violated court orders," including his "refusal to provide [HIPAA] authorization[s]"), *report and recommendation adopted*, 2020 WL 3489483 (S.D.N.Y. June 26, 2020).  Defendants are directed to maintain the confidentiality of these records.  Second, Plaintiff is directed to produce all responsive video recordings by July 29, 2024.  Failure to disclose relevant evidence in a timely manner may result in preclusion of that evidence. *Lack v. Caesar's Ent. Corp.*, 20 CV 5394 (VB), 2024 WL 1995220, at *2 (S.D.N.Y. May 6, 2024) ("The Court may impose

sanctions, including the preclusion of testimony or evidence, for the failure to timely serve or supplement [such evidence], 'unless the failure was substantially justified or is harmless.'" (quoting Fed. R. Civ. P. 37(a))).  Third, Plaintiff's request that the Clarkstown Police Department destroy certain recordings, (*see* Docket Nos. 381, 407, 409, 411), is denied. *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 217 (S.D.N.Y. 2003) (litigants are "under a duty to preserve what it knows, or reasonably should know, is relevant in the action, is reasonably calculated to lead to the discovery of admissible evidence, is reasonably likely to be requested during discovery and/or is the subject of a pending discovery request").  Fourth, Defendants' request to sanction Plaintiff for violations of the Court's May 29, 2024 Order, (Docket No. 396), is denied without prejudice.  However, Plaintiff is cautioned that he may be sanctioned in the future if he continues to ignore the Court's ruling to act civilly toward everyone involved in this litigation.  Furthermore, Plaintiff cannot unilaterally declare that he will not communicate with certain defense counsel.  Plaintiff is advised that communications received from any individual defense counsel constitutes valid service.

## II.    DOCKET NO. 335

Plaintiff's motion to compel, (Docket No. 335), is "related to the internal affairs investigation into [his] sworn complaint to CPD [Non-Party Sergeant] Bax." (*Id.*).  Plaintiff's request was addressed at the May 29, 2024 conference with the Court, and subsequently denied. (*See* Minute Entry, May 29, 2024).  Furthermore, Judge Karas affirmed the undersigned's ruling on this issue. (*See* Docket No. 412).  Accordingly, Plaintiff's motion to compel is denied as moot.

- 3 -

### III.  DOCKET NO. 380

Plaintiff's motion to preclude Defendants' use of an expert witness, (Docket No. 380), is denied without prejudice since it is "premature" at this stage of the litigation. *Gref v. Am. Int'l Indus.*, 20-CV-5589 (GBD) (VF), 2024 WL 2138160, at *3 n.1 (S.D.N.Y. Apr. 24, 2024).

### IV.    DOCKET NO. 385

Plaintiff's motion for a further allotment of time to depose Non-Party Neuendorf, (Docket No. 385), is denied.  Plaintiff has failed to show good cause to extend the time the Court has already ordered for Non-Party Neuendorf's deposition. (Docket No. 387). *Margel v. E.G.L. Gem Lab Ltd.*, No. 04 Civ. 1514 (PAC)(HBP), 2008 WL 2224288, at *8 (S.D.N.Y. May 29, 2008).

### V.    DOCKET NO. 389

Plaintiff's motion regarding his subpoenas to Dr. Levy and Dr. Jackson, (Docket No. 389), does not require any action by the undersigned because the subpoenas have been transmitted to the *pro se* office for processing. (Docket Nos. 388, 390).

### VI.    DOCKET NO. 399

Plaintiff's motion to set a deadline for Judge Karas to reconsider the undersigned's May 29, 2024 ruling, (Docket No. 399), is denied as moot.  Judge Karas issued his ruling on July 15, 2024. (Docket No. 412).

### VII.    DOCKET NO. 401

Plaintiff has withdrawn this motion. (*See* Docket No. 413).

### VIII.    DOCKET NOS. 414, 417, 418

Plaintiff moved for an "evidentiary hearing" to "put to rest once and for all the question of [Non-Party] Robert Nuendorf's [*sic*] credibility," and argues that "[s]ince it is a question for a

jury, and not this Court, this Court can not prohibit me from [] challenging [Neuendorf's] assertion[s]." (Docket No. 414).  Plaintiff's motion is denied.  The undersigned has already ruled that Plaintiff's subpoenas for information to show "whether Detective Neuendorf is lying" were not relevant to his remaining claims. (Docket No. 377 at 8).  Furthermore, the Court finds no reason to conduct an evidentiary hearing to reconsider its rulings.  Moreover, in affirming the undersigned's May 29, 2024 Order, Judge Karas explained that Plaintiff's only remaining claims are against Defendants Culianos and Donegan, and his claims relating to "various members of the Clarkstown Police Department" have been dismissed. (*See* Docket No. 412).  Accordingly, Plaintiff's request for an evidentiary hearing regarding Non-Party Robert Neuendorf's credibility is denied.

## IX.   CONCLUSION

The deadline for the parties to complete fact depositions is extended to August 19, 2024.

The parties are further directed to follow the Court's Order, dated July 19, 2024, if they seek the Court's ruling on any future discovery disputes. (*See* Docket No. 422).

The Clerk of Court is respectfully directed to mail a copy of this Order to the *pro se* Plaintiff.

Dated: July 19, 2024
         White Plains, New York

SO ORDERED:

_____
JUDITH C. McCARTHY
United States Magistrate Judge