UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ARIEL DAN BARKAI,

                Plaintiff,                                 **ORDER**

     –against–                                   21 Civ. 4060 (KMK)(JCM)

DETECTIVE ROBERT NUENDORF, *et. al.*,

                Defendants.
-------------------------------------------------------------X

      Ariel Dan Barkai ("Plaintiff"), proceeding *pro se*, brought this 42 U.S.C. § 1983 action against several members of the Clarkstown Police Department ("CPD"). The only remaining defendants are Police Officer Anthony Culianos ("Officer Culianos") and Police Officer Kyla Caraballo (sued herein as Police Officer Kyla Donegan) ("Officer Donegan"). (*See* Docket Nos. 212, 276). Currently before the Court is Plaintiff's motion for the undersigned to recuse herself. (Docket No. 398). For the following reasons, Plaintiff's motion is denied.

      28 U.S.C. § 455 ("Section 455") "provides simply: 'Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.'" *United States v. Bayless*, 201 F.3d 116, 126 (2d Cir. 2000) (quoting 28 U.S.C. § 455(a)); *see also Da Silva Moore v. Publicis Groupe*, 868 F. Supp. 2d 137, 148 (S.D.N.Y. 2012), *objections overruled sub nom. Moore v. Publicis Groupe SA & MSL Grp.*, 2012 WL 12528637 (S.D.N.Y. Nov. 8, 2012). "The purpose of [Section] 455(a) 'is to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible.'" *Green v. N.Y.C. Health & Hosps. Corp.*, 343 F. App'x 712, 713 (2d Cir. 2009) (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 865 (1988)). "In determining whether Section

455(a) requires recusal, the appropriate standard is objective reasonableness—whether an objective, disinterested observer fully informed of the underlying facts, would entertain significant doubt that justice would be done absent recusal, or alternatively, if a reasonable person, knowing all the facts, would conclude that the trial judge's impartiality could reasonably be questioned." *Alexander v. Priv. Protective Servs., Inc.*, 1:19-cv-10004 (JPO)(SDA), 2023 WL 8174221, at *1 (S.D.N.Y. Nov. 2, 2023), *report and recommendation adopted*, 2024 WL 911945 (S.D.N.Y. Mar. 4, 2024). A showing of actual bias is not required under Section 455(a). *See id.* However, "[u]nder § 455(b)(1), recusal is mandated []where the district court harbors *actual* prejudice or bias against a [party]." *United States v. Osinowo*, 100 F.3d 942 (2d Cir. 1996) (emphasis added); *see also DeMartino v. New York State Dep't of Lab.*, 167 F. Supp. 3d 342, 353 (E.D.N.Y. 2016) (internal quotations and citations omitted) (same). There is a substantial degree of analytical overlap between the two subsections. *See Liteky v. United States*, 510 U.S. 540, 552-53 (1994).

Recusals do not occur automatically. *Clemmons v. Comm'r of Soc. Sec.*, No. 11-cv-1645 (KAM), 2011 WL 6130926, at *3 (E.D.N.Y. Dec. 8, 2011) ("A judge is as much obliged not to recuse himself [or herself] when it is not called for as he [or she] is obliged to when it is.") (internal quotations and citations omitted) (alterations in original). To establish a basis for recusal, "[m]ovants must overcome a presumption of impartiality, and the burden for doing so is substantial." *Metro. Opera Ass'n, Inc. v. Loc. 100, Hotel Emps. & Rest. Emps. Int'l Union*, 332 F. Supp. 2d 667, 670 (S.D.N.Y. 2004) (quotations omitted). "As a general matter, '[t]he alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case.'" *Aquino by Convergent Distributors of Texas, LLC v. Alexander Cap., LP*, 21-cv-1355

(JSR), 2023 WL 8947137, at *2 (S.D.N.Y. Dec. 28, 2023) (quoting *United States v. Grinnell Corp.*, 384 U.S. 563, 583, (1966)) (alternations in original). Opinions formed by the judge based on facts and events that occurred during the course of a judicial proceeding are not grounds for recusal unless they display "a deep-seated favoritism or antagonism that would make fair judgment impossible." *United States v. Conte*, 99 F.3d 60, 65 (2d Cir. 1996) (internal quotation marks and citations omitted). "Moreover, it is well-settled that a judge's adverse rulings and decisions against a party almost never are a valid basis for a party to seek disqualification based on bias or impartiality." *Alexander*, 2023 WL 8174221, at *6 (internal quotations and citation omitted).

Plaintiff argues that the Court is unable to judge him fairly, and requests that I recuse myself from this case. (Docket No. 398 at 2). Since Plaintiff challenges this Court's impartiality, the Court will analyze the motion under Sections 455(a) and 455(b)(1).[1] *See generally Clemmons*, 2011 WL 6130926. Courts generally review motions for recusal on the merits where "the impartiality of the court has been questioned," *Paschall v. Mayone*, 454 F. Supp. 1289, 1300 (S.D.N.Y. 1978), especially when filed by *pro se* litigants, *Clemmons*, 2011 WL 6130926, at *6 (analyzing *pro se* motion for recusal under 28 U.S.C. § 455(a) and 455(b)(1)).

Plaintiff has failed to establish a basis for recusal. First, under Section 455(a), there is no reason to believe the Court's impartiality could reasonably be questioned. "The Court has presided over this case as it does all of the other cases before it, by endeavoring to follow and apply the law fairly to all parties." *Murray v. Lakeland Cent. Sch. Dist. Bd. of Educ.*, No. 16-CV-6795 (KMK), 2017 WL 4286658, at *12 (S.D.N.Y. Sept. 26, 2017). While Plaintiff may be

---

[1] Plaintiff has not moved for recusal under 28 U.S.C. § 144 ("Section 144"). In any event, the legal standard is the same under Sections 144 and 455(b)(1). *See generally Clemmons*, 2011 WL 6130926, at *4 (citing *Apple v. Jewish Hosp. & Med. Ctr.*, 829 F.2d 326, 333 (2d Cir. 1987)).

dissatisfied with the Court's rulings, he has not argued that the rulings would cause a disinterested observer to reasonably question the Court's impartiality. *Celli v. New York Dep't of Educ.*, 21-CV-10455 (LTS), 2022 WL 292916, at *3 (S.D.N.Y. Feb. 1, 2022) (denying motion for recusal where Plaintiff failed to provide "any basis" for recusal). Moreover, "[t]he Court is confident that it is unbiased in both fact and appearance." *Shukla v. Deloitte Consulting LLP*, 1:19-cv-10578 (AJN)(SDA), 2020 WL 5894078, at *2 (S.D.N.Y. Oct. 5, 2020) (internal quotations and citation omitted). Simply put, Plaintiff's motion fails under Section 455(a) because no "reasonable person, knowing all the facts, would conclude that the [Court's] impartiality could reasonably be questioned." *United States v. Wedd*, 993 F.3d 104, 114 (2d Cir. 2021) (internal quotations omitted).

Second, under Section 455(b)(1), "[t]he Court harbors no personal bias or prejudice concerning" Mr. Barkai or any party in this action. *Pullman v. Alpha Media Publ'g, Inc.*, 12-CV-01924 (PAC)(SN), 2013 WL 12618561, at *2 (S.D.N.Y. Dec. 5, 2013). It is clear from the countless letters that Plaintiff has filed that he is unhappy with the Court's rulings, but "Plaintiff's disagreements with the undersigned's rulings and recommendations in this case, and other events that occurred in the course of this case, are not legitimate grounds for recusal." *Alexander*, 2023 WL 8174221, at *6.

Accordingly, Plaintiff's motion for recusal is without merit.

For the foregoing reasons, Plaintiff's motion for recusal is denied. The Clerk of Court is respectfully directed to mail a copy of this Order to the *pro se* Plaintiff.

Dated: August 23, 2024
White Plains, New York

**SO ORDERED:**

_____
JUDITH C. McCARTHY
United States Magistrate Judge