

WILSON ELSER
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

> **SO ORDERED:**
> The Court lacks sufficient information to determine if the deposition
> of Defendant Officer Kyla Caraballo (s/h/a "Officer Donegan")
> should be reopened in light of Defendants' delayed production of
> CPD recording DEF-4060_000533. Therefore, the Court directs
> Defendants to provide the following for the Court's review by
> November 20, 2024: (1) the 1:53pm Recording of Call from Officer
> Culianos to CPD Dispatch (DEF-4060_000240); (2) the 1:58pm
> Recording of Call from Officer Culianos to Dispatcher Monahan
> (DEF-4060_000533); and (3) the Call for Service Detail Report.
>
> *Judith C. M^(Ca__)*        11-19-24
> JUDITH C. McCARTHY
> United States Magistrate Judge

November 18, 2024

*Via ECF*

Hon. Judith C. McCarthy
United States District Court for the
Southern District of New York
300 Quarropas Street,
White Plains, NY 10601-4150

Re:  Ariel Dan Barkai v. Detective Robert Nuendorf, et al.
     Docket No.: 21-CV-04060-KMK-JCM
     Our File No.: 12129.00319

Dear Judge McCarthy:

    We represent the Defendants Anthony Culianos and Kyla Caraballo (s/h/a "Officer
Donegan") in this matter. We write to alert the Court to a discovery dispute pursuant to the
procedure set forth in the Court's July 19, 2024 Order. (DE #422).

    Plaintiff seeks to compel a further deposition of defendant Officer Donegan. Pursuant to
the July 19, 2024 Order, Plaintiff's letter motion to compel is attached hereto as **Exhibit A**.
Defendants oppose Plaintiff's motion to compel.

### Relevant Background

    During the course of discovery in this matter, Defendants endeavored to produce all CPD
recordings regarding the August 31, 2020 incident. Defendants produced the following recordings
from August 31, 2020 during discovery:

    4060-DEF_000239  1:48 pm  Recording of Detective Nuendorf Calling Dispatch
    4060-DEF_000473  1:52 pm  Recording of Radio Correspondence to Officer Culianos
    4060-DEF_000240  1:53 pm  Recording of Call from Officer Culianos to CPD Dispatch
    4060-DEF_000241  1:54 pm  Recording of Radio Correspondence from CPD Dispatch to
                              Office Donegan
    4060-DEF_000242  2:04 pm  Recording of Radio Correspondence from Officer Culianos
                              to CPD Dispatch
    4060-DEF_000243  2:17 pm  Recording of Radio Correspondence from Officer Culianos

Albany, NY | Atlanta, GA | Austin, TX | Baltimore, MD | Birmingham, AL | Beaumont, TX | Boston, MA | Charlotte, NC | Chicago, IL | Dallas, TX | Denver, CO
Detroit, MI | Edwardsville, IL | Florham Park, NJ | Garden City, NY | Hartford, CT | Houston, TX | Jackson, MS | Las Vegas, NV | London, England | Los Angeles, CA
Louisville, KY | McLean, VA | Merrillville, IN | Miami, FL | Milwaukee, WI | Nashville, TN | New Orleans, LA | New York, NY | Orlando, FL | Philadelphia, PA | Phoenix, AZ
Raleigh, NC | San Diego, CA | San Francisco, CA | Sarasota, FL | Seattle, WA | Stamford, CT | St. Louis, MO | Washington, DC | West Palm Beach, FL | White Plains, NY



Docket No.: 21-CV04050-KMK
Our File No.: 12129.00319
- 2 –

|  |  | to CPD Dispatch |
| 4060-DEF_000244 | 2:17 pm | Recording of CPD Dispatch to Montefiore Nyack Hospital |
| 4060-DEF_000254 | 2:18 pm | Recording of CPD Dispatch to Officer Culianos |
| 4060-DEF_000246 | 2:20pm | Recording of Radio Correspondence from Officer Culianos to CPD Dispatch |

All of the above recordings were provided to Plaintiff prior to party depositions in this matter.

During the course of discovery, Plaintiff requested that Defendants obtain cell phone records for Officer Culianos from Verizon between 1:50pm and 2:30pm on August 30, 2021. Defendants submitted third party subpoenas to Verizon for these documents. In response, Defendants received records indicating that there were two calls during this time period, both from Officer Culianos to CPD Dispatch, one at 1:53pm, and one at 1:58pm. The 1:53pm call had been previously produced and is reflected above as 4060-DEF_000240. The call at 1:58pm had not been previously produced. Accordingly, CPD conducted an additional search and located this recording which was produced to Plaintiff at 4060-DEF_000533.

In the 1:53pm Recording (4060-DEF_000240), Dispatcher Monahan informs Officer Culianos that she received a call from the DA's Office, reporting that Barkai told a receptionist at the DA's office that he was "depressed" and "being suicidal." Dispatcher Monahan dispatches Officer Culianos for a welfare check. Notably, Defendants also produced the Call for Service Detail Report, which shows that Dispatcher Monahan also entered notes, visible by officers in their patrol vehicles, that Mr. Barkai was reported to have been "depressed" and "being suicidal." 4060-DEF_

In the 1:58pm Recording (DEF-4060_000533), which is 24 seconds long, Officer Culianos calls Dispatcher Monahan asking what Mr. Barkai said, Dispatcher Monahan responds that the caller informed her that Mr. Barkai "told the receptionist he's depressed and he's being suicidal."[1]

It is defense counsel's understanding that collection of CPD recordings for production in civil litigation is a manual process. That is, it is not possible to search the repository of recordings by the incident number of a police report. Instead, to produce relevant recordings in this case, CPD identified the date and relevant time period of the August 31, 2020 incident and manually listened to the recordings from all phone lines during the relevant time period. The failure to previously identify the 1:58pm recording resulted from oversight during this manual process.

### Opposition to Barkai Motion to Compel Further Deposition of Officer Donegan

Defendants oppose Mr. Barkai's motion to compel an additional hour of testimony from

---

[1] Defendants can provide a copy of the 1:53pm and 1:58pm recordings to the Court for review.



Officer Donegan. Officer Donegan was not a participant in the 1:58pm Recording, and all of the information conveyed in the recording was substantially the same as the information conveyed during the 1:53 Recording. Accordingly, the production of the 1:58 pm Recording does not create any new issues for discovery. Plaintiff's motion does not identify any new information from the 1:58pm recording that he did not previously have. Prior to party depositions, Defendants had produced the 1:53 recording, in which Dispatcher Monahan reported to Officer Culianos that Barkai was reportedly "depressed" and "being suicidal." Defendants had also already produced the recording dispatching Officer Donegan to the scene, in which Donegan was informed that Plaintiff made "a suicidal threat." Moreover, Plaintiff questioned Officer Donegan during her deposition about information provided to her that he made a suicidal threat and about the information that he was "being suicidal." *See e.g.*, Ex. A (Donegan Dep.) at 17:4-19:22, 26 170. Accordingly, there is no new information about which Plaintiff would need to question Officer Donegan, who did not participate in the call in the 1:58 pm Recording.

As explained above, Defendants specifically refute any allegation that they intentionally withheld the recording. First, Officers Culianos and Donegan were not personally involved in the collection of the recordings, which were gathered by a limited number of CPD officers with access to the recordings system. Second, the information conveyed to Officer Culianos on the 1:58 pm Recording is substantially similar to the information conveyed during the 1:53 pm Recording that was previously produced. Thus, Defendants had no motivation to withhold the recording.

As Plaintiff fails to identify any basis to reopen the deposition of Defendant Officer Donegan, or to impose sanctions on Defendants, his motion to compel should be denied.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP


/s/ Eliza M. Scheibel