Ariel Barkai
16852 SW FIFTH WAY
Weston, FL 33326
(954) 478-1545

**MEMO ENDORSED**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- X    Docket No.: 21-cv-04060-KMK-JCM

ARIEL DAN BARKAI,

Plaintiff,

-against-

ROBERT NUENDORF, et al.,

Defendants.

---------------------------------------------------------------------- X

TO:    Hon. Judge Kenneth M. Karas
       District Judge, SDNY

**Motion Request For Supplemental Evidentiary Hearing Of September, 2024 Status Conference**

Your Honor:

I am the Plaintiff in the above referenced matter and I am writing to respectfully request that the September, 2024 status call which I have already requested be held live in Your Honor's Court be supplemented to constitute an evidentiary hearing. This will allow me to submit and present crucial evidence, including recordings and AI-analyzed recordings, which support a finding of undisputed facts in this case.

The recordings are integral to demonstrating certain key points particularly as related to the pending and critical anticipated summary judgements motions, and I believe that an in-person hearing will facilitate a clearer and more thorough presentation of this evidence. Playing the recordings in court and explaining their contents will be far more effective than attempting to describe them within the confines of our 25-page limit for summary judgment arguments. As this Court ruled in Barkai v Mendez

21-cv-4050-KMK "This audio recording moves the conversation from disputable to undisputed. *See Alli v. City of New York,* No. 21-CV-4866, 2023 WL 6393403, at *3 (S.D.N.Y. Sept. 29, 2023) ("Incontrovertible evidence relied on by the moving party, such as relevant videotape whose accuracy is unchallenged, should be credited by the court on . . . a [summary judgment] motion if it so utterly discredits the opposing party's version that no reasonable juror could fail to believe the version advanced by the moving party." (quoting *Zellner v. Summerlin*, 494 F.3d 344, 371 (2d Cir. 2007))); *see also Cambridge Cap. LLC v. Ruby Has LLC*, ___ F.Supp.3d ___, 2023 WL 3956868, at *25 (S.D.N.Y. June 2, 2023) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007))).

Because of the Clarkstown Police Department's (CPD) failure to employ body cameras in contravention of national standards it is clear that Plaintiff, this Court and eventual fact finders are left no choice but to rely on Plaintiff's recording as the only objective evidence upon which to make legal determinations based solely on undisputed facts. Unlike recent cases including the shooting of Airman Roger Fortson in North Florida or the recent police involved shooting in Utica, New York, one which led to a disciplinary action of firing of a Sheriff's deputy and one which is likely to absolve officers of misconduct proving the absolute necessity of unbiased objective evidence for reaching proper legal and disciplinary determinations, in the instant action, the only evidence that is both objective and undisputed is the recording of the conference call. Of critical importance is not just what the recording captures, but what is not on the recording but should be if one or another party's testimony is to be believed. The artificial intelligence analysis will prove to this Court that certain critical elements that would need to be on the recording to support the testimony of one party do not exist bolstering the testimony of the other party that the testimony of the counterparty is knowingly fabricated.

Allowing the actual recordings to be played in court will not only aid in the administration of justice but will also ensure that the facts are presented in their most accurate form. This approach will provide a comprehensive understanding of the evidence, ensuring that all parties and the court have a clear and factual basis upon which to proceed.

Accordingly Plaintiff hereby moves to request that this Court hold the September, 2024 status conference live and in person in this honorable Court and that Plaintiff be allowed to present evidence and be challenged by Defendants as well as this Court as to the undisputed fact that the evidence fully supports Plaintiff's claims in the matters in this case.

Thank you for your consideration of this request. I look forward to your favorable response and am prepared to provide any additional information or clarification as needed.

Respectfully submitted,

Dated: Weston, FL

July 2nd, 2024

Ariel Barkai

Pro Se Plaintiff

/s/ *Ariel Barkai*

Plaintiff's request is denied as moot, as the pre-motion conference was held on December 17, 2024. (See Dkt. No. 555.) Further, Plaintiff's request for a factual hearing was denied on August 28, 2024. (*See* Dkt. No. 515.) The Clerk of Court is respectfully directed to close the Motion. (Dkt. No. 397.)

SO ORDERED.

3/6/2025