UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

ARIEL D. BARKAI,

   Plaintiff,

v.                                    Case No. 21-cv-4060 (KMK)

NUENDORF,

   Defendant.

_____/

PLAINTIFF'S SUPPLEMENTAL MOTION TO CORRECT THE RECORD

PURSUANT TO FED. R. CIV. P. 60(a) AND 60(b)(1)

Plaintiff Ariel D. Barkai respectfully submits this supplemental filing to clarify that Plaintiff's previously submitted "Motion to Be Heard" (filed October 19, 2025) should be construed as a motion to correct or clarify the public record under Federal Rule of Civil Procedure 60(a) and, alternatively, Rule 60(b)(1).

1. On September 19, 2025, this Court issued an Opinion and Order in this matter which states that Plaintiff made a "violent threat of self-harm."

2. The September 19, 2025 Opinion does not cite any page, paragraph, transcript, or other portion of the record supporting the characterization quoted above. To the best of Plaintiff's knowledge and review of the record, no such statement or comparable language appears anywhere in the docket, filings, or transcripts.

3. Plaintiff does not seek to relitigate the merits of the underlying decision. Rather, Plaintiff requests correction or clarification of the public record so that the Court's Opinion accurately reflects the record and does not attribute to Plaintiff a factual statement that does not exist in the record.

4. Rule 60(a) permits the Court to correct a clerical error or other mistake arising from oversight or omission. If the statement in the Opinion resulted from a clerical error, oversight, or misstatement, Rule 60(a) authorizes correction.

5. Alternatively, Rule 60(b)(1) permits relief from a final judgment or order for "mistake, inadvertence, surprise, or excusable neglect." If the Court's characterization constitutes a mistake or inadvertence, Plaintiff respectfully requests relief under Rule 60(b)(1) in the form of correction, clarification, or striking of the statement from the Opinion and Order.

WHEREFORE, Plaintiff respectfully requests that the Court:

a. Treat Plaintiff's October 19, 2025 filing as a motion to correct or clarify the record pursuant to Fed. R. Civ. P. 60(a) and, alternatively, Fed. R. Civ. P. 60(b)(1);

b. Order the Court (or direct the Clerk) to identify any and all portions of the record the Court relied upon in adopting the characterization that Plaintiff made a "violent threat of self-harm" in the Opinion and Order dated September 19, 2025; and if no portion exists,

c. Correct the Opinion and Order by striking or clarifying the language in question (or otherwise issuing an appropriate corrective entry on the docket), and, if the Court deems appropriate, issue a clarifying statement on the record.

In this court's October 16th, 2025 ruling (doc. 653) the court stated:

**case. Second, the Court did not err in characterizing Plaintiffs' apparent suggestion that he would kill himself as a "violent" threat. Physical harm, even to oneself, is by any definition an act of violence.**

This response failed to clarify the record as:

1) the court ruled an "apparent suggestion" can be classified as a threat and Second Circuit controlling law by which this court is bound prohibits that
2) The invocation of "physical harm" itself is unsupported by the record as even in the portion of the call this court cited in its September 19th, 2025 opinion and order this court

specifically showed that the caller alleged I said I was "thinking about committing suicide". It's right there in this courts own writing. Even assuming arguendo that Nuendorf wasn't lying, which he was, thinking can not cause physical harm.

Accordingly by any measure this court fabricated the claim of a "violent threat" and in so doing disparaged and defamed me and I request an appearance in this court where this court can either specially cite the "violent threat" or even the "apparent suggestion" of "physical harm" and if this court can not do it I respectfully demand that this court hold itself to the same standard it held a former US Olympic athlete who this court sent to jail for lying, and recognize that this court lied about me deeply defaming my character and this court has a lawful obligation to set this record straight and has a human obligation to apologize to me like a man.

Dated: October 22, 2025

    Ridgewood, New York

Respectfully submitted,

/s/ Ariel D. Barkai

Ariel D. Barkai

555 Woodward Ave, #3LF

Ridgewood, NY 11385

arielbarkai369@gmail.com

Pro se Plaintiff

> Plaintiff asks this Court to correct its September 19, 2025 Opinion under Fed. R. Civ. P. 60, arguing the record does not support certain findings. The Court has already addressed the ample basis in the record for these findings in the Opinion itself. See Op. & Order 2-4, 13 n.5, 13-15, 19 (Dkt. No. 643). Accordingly, Plaintiff's Supplemental Motion to Correct the Record and Plaintiff's Motion to be Heard are denied, and the Clerk of Court is respectfully directed to terminate the pending motions (Dkt. Nos. 658, 659).
>
> So Ordered.
>
> /s/ KMK
>
> 10/23/2025